IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZAK SHIMOSE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, NATIONAL LABOR RELATIONS BOARD,  UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | CIV. NO. 21-00489 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

**FINDINGS AND RECOMMENDATION TO DISMISS
COMPLAINT AND DENY APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

　　Before the Court is Plaintiff Zak Shimose's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on December 12, 2021.  ECF No. 5.  The Application will be decided without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

　　After careful consideration of the Application, records and files in this case, and applicable law, the Court **RECOMMENDS** that the district court **DISMISS** the Complaint with leave to amend and **DENY** the Application as moot.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every in forma pauperis proceeding to mandatory screening. Pro se litigants who proceed in forma pauperis are subject to dismissal "at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Rule 8 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citation omitted).

Plaintiff is a pro se litigant and as such, the Court shall construe Plaintiff's pleading liberally. Bernhardt v. Los Angeles Cty., 339 F.3d 920, 925 (9th Cir. 2003). Plaintiff filed his Complaint for a Civil Case ("Complaint") on December 12, 2021 and states his claims as follows:

> Unfair labor practices/violation of fair representation
> 1. ILWU requiring non-members to pay dues and fees not related to representational activities.
> 2. ILWU causing employer to suspend Zak for not paying said dues.
> 3. ILWU service of Beck notice is improper.
> 4. ILWU does not inform employees of their right to object to paying for non-representational matters.
>
> Violation of due process
> 5. NLRB did not address any of Zak's complaints alleging a violation of his right to fair representation and the Union's unfair labor practice.
>
> 6. The constitutional right to not pay union dues afforded to public employees in Janus v. AFSCME, should be afforded to private employees.
>
> 7. Zak challenges the authority of Interim General Counsel Peter Ohr.

ECF No. 1 at PageID #: 5-6.

At the outset, the Court is unable to determine when and where Plaintiff's allegations occurred as Plaintiff failed to include those details in his Complaint.

3

The Court is thus unable to determine whether Plaintiff's claims are precluded by any statute of limitations or whether venue is proper. The Court finds that these deficiencies alone warrant dismissal.

The Court finds that dismissal is also warranted under Fed. R. Civ. P. 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff names three defendants: International Longshore & Warehouse Union, Local 142 ("ILWU"); National Labor Relations Board ("NLRB"); and United States of America. Plaintiff fails to make any allegations regarding the United States of America. The Court is thus unable to determine whether Plaintiff is entitled to relief as he fails to allege what occurred, when the occurrence happened, how the United States is responsible, and how federal law was violated. Accordingly, the Court finds that Plaintiff has failed to make any allegations to sustain a cause of action against the United States of America.

The Court also finds that Plaintiff's Complaint is conclusory and, under Fed. R. Civ. P. 8, lacks factual allegations to support Plaintiff's claims against the ILWU and NLRB. In counts 1, 3, 4 and 6, Plaintiff fails to state allegations showing how he is connected to these claims. These allegations are commentary on employees and/or non-members in general, but are insufficient to determine whether Plaintiff has stated a claim upon which relief can be granted. The Court is

also unable to determine whether Plaintiff has standing to bring these counts and further, which defendant count 6 seeks relief from.

As to counts 2, 5 and 7, the Court finds that Plaintiff again fails to allege facts showing that he is entitled to relief and fails to meet the requirements under Fed. R. Civ. P. 8. Plaintiff's allegations in these counts are conclusory. Plaintiff fails to connect how and when these allegations happened and fails to clearly state specific facts as to how these allegations are in violation of federal law. In particular, count 7 is vague in that Plaintiff does not name Interim General Counsel Peter Ohr as a defendant and does not connect the allegations to a named defendant. As stated earlier, Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678. Thus, this Court finds that Plaintiff has failed to demonstrate that counts 2, 5 and 7 are claims ~~to~~ for which relief can be granted. Accordingly, the Court recommends the district court dismiss the Complaint pursuant to 28 U.S.C. § 1915. Because the Court recommends that the Complaint be dismissed, Plaintiff's Application should also be denied as ~~is~~ moot.

If a complaint is dismissed, the Court should grant leave to amend even if no such request was made, unless the pleading could not possibly be cured by allegations of other facts. Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 n. 9 (9th Cir.

1984)).  "[P]ro se plaintiffs proceeding in forma pauperis 'must [ ] be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Tripati, 821 F.2d at 1370 (quoting Franklin, 745 F.2d at 1228 n.9).

The Court thus recommends that Plaintiff be granted leave to file an amended complaint **by no later than 30 days** after the district court enters its order on this Court's Findings and Recommendation to Dismiss Complaint and Deny Application ("F&R").  If the Complaint is dismissed and Plaintiff elects to amend, he shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this F&R and/or in the district court's Order, as directed by the district court.  Failure to cure the deficiencies identified in the district court's Order or failure to timely file an amended pleading that conforms with the district court's Order will result in dismissal of this action.  Plaintiff is reminded that if an amended complaint is filed, the original pleading (1) may not be incorporated into the amended pleading and (2) shall no longer serve any function in this case.  The Court reminds Plaintiff to state his claims clearly and concisely, but with enough factual allegations to determine from the face of the Complaint that Plaintiff has stated a claim upon which relief can be granted.  Because this Court recommends that Plaintiff's Application be denied as moot, if such recommendation is adopted by the district court, Plaintiff must also file

another Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") or pay the required filing fee.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the Complaint without prejudice and **DENY** the Application as moot. The Court **RECOMMENDS** that the district court **GRANT** Plaintiff leave to amend.  If the district court dismisses the Complaint, Plaintiff must timely file an amended complaint as directed by the district court.  Plaintiff must also either file an IFP Application or pay the required filing fee as directed by the district court. Failure to meet these requirements should result in an automatic dismissal.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to REASSIGN this case to a district judge.

//

//

//

//

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 31, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00489 RT-NONE; *Shimose vs. International Longshore & Warehouse Union*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in District Court Without Prepaying Fees or Costs