IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZAK SHIMOSE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142; NATIONAL LABOR RELATIONS BOARD; UNITED STATES OF AMERICA ,<br><br>　　　　Defendants. | CIVIL NO. 21-00489 JAO-RT<br><br>ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION |

**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION**

Findings and Recommendation having been filed and served on all parties on January 31, 2022, and no objections having been filed by any party,

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.1, the Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in District Court Without Prepaying Fees or Costs ("F&R"), ECF No. 18, is adopted as modified as the opinion and order of this Court. The Court modifies the F&R only with respect to the denial of

the Application to Proceed In Forma Pauperis ("IFP Application") as moot. The Court denies the IFP Application on the merits.

A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

In the present case, the Court finds that pro se Plaintiff Zak Shimose ("Plaintiff") has not demonstrated that he is unable to pay the filing fee and other associated court costs. Plaintiff earns $28,800.00 annually. ECF No. 5. He indicates that he provides monthly financial support for his two daughters but does not disclose whether they are members of his household. Assuming they are, Plaintiff's annual income exceeds the $26,490.00 poverty threshold for a three-person household in Hawaiʻi. *See* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 3315-01 (Jan. 21, 2022). If they are not household members and Plaintiff lives alone, his income well exceeds the $15,630.00 poverty threshold for

a one-person household.  *See id.*  Plaintiff also owns a 2019 Kia Soul and a real property in Hilo, which he claims was assessed for $220,000.00 several years ago. Taken together, and even accounting for Plaintiff's alleged debt and expenses, he has not sufficiently alleged poverty entitling him to proceed in forma pauperis. Accordingly, if Plaintiff files an amended complaint — which is due by **March 24, 2022** — he must concurrently pay the applicable filing fee.  Failure to do so will result in the automatic dismissal of this action.

    IT IS SO ORDERED.

    DATED:    Honolulu, Hawai'i, February 22, 2022.

Jill A. Otake
United States District Judge

CIVIL NO. 21-00489 JAO-RT, *Shimose v. ILWU*; ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION